JOHN SEGELKEN, BY HIS GUARDIAN *ad litem*, ANDREW KOCH, PPAINTIFF, APPELLANT AND RESPONDENT, *v.* OTTO MEYER, DEFENDANT, RESPONDENT AND APPELLANT.

*Infant — right of, to maintain action.*

The right of the general guardian of an infant to bring an action to recover money belonging to his ward, is not an exclusive one, and the infant himself may, by a guardian *ad litem*, duly appointed, bring an action to recover the same.

The general guardian may, in such case, be appointed guardian *ad litem*.

CROSS-APPEALS from an order vacating an order of arrest granted in this action on condition that defendant stipulate not to bring a suit by reason of such arrest.

This action was brought by the plaintiff, an infant, by guardian *ad litem*, against the defendant, an attorney, to recover money belonging to the plaintiff, which defendant was alleged to have received from plaintiff's mother.

*Christian G. Moritz*, for the plaintiff. This action was properly brought by the guardian *ad litem*, Andrew Koch. (*Lonstreet* v. *Tilton*, Coxe, 38; *Sillings* v. *Bumgardner*, 9 Gratt., 273; *Stratton's Case*, 1 Johns., 508; *Totten's Appeal*, Penn. St., 301; *Bradley* v. *Amidown*, 10 Paige, 235.) An infant can maintain

an action for use and occupation, although he has a general guardian. (*Elizabeth L. Porter* v. *Bleiler*, 17 Barb., 149.) An infant has a right to enter and bring ejectment. (Macpherson on Infants, 354.) Debts and demands of the wards should, in general, be prosecuted in their name. (Shoulder's Domestic Relations, note 463.) The guardian cannot sue on an award, although he has submitted to arbitration. (*Hutchins* v. *Johns*, 12 Conn., 376.) Nor where the statute authorizes guardians to demand, sue for, and receive all debts due their wards. (26 Me., 76; 11 Ills., 24; section 468 of the new Code of Civil Procedure.)

*Douglas A. Levien, Jr.*, for the defendant. The plaintiff, having a general guardian of his person and estate, any action to be brought in relation to his personal estate, must be brought by his general guardian, in whom it is vested. (2 R. S., 150, § 3, and 151, § 10; *Seaton* v. *Davis*, 1 T. & C. Sup. Ct. R., 91; *Field* v. *Schieffelin*, 7 Johns. Ch., 150; *Tuttle* v. *Heavey*, 59 Barb., 334; *White* v. *Parker*, 8 id., 48; *Genet* v. *Tallmadge*, 1 Johns. Ch., 5; *Thomas* v. *Bennett*, 56 Barb., 197; *Chapman* v. *Tibbits*, 33 N. Y., 287; *Beecher* v. *Crouse*, 19 Wend., 306.)

GILBERT, J.:

No doubt the general guardian might have brought this action in his own name. Such right of action rests upon his duty to take the control and management of the infant's personal estate. It is also conferred upon all trustees of express trusts by statute. But it does not follow that the right of action of the general guardian is exclusive of that of the infant. On the contrary, the legal title to the moneys in controversy is vested in the infant, and his general guardian is merely his bailiff or trustee. As the moneys belong to the infant, I see no objection to the appointment of a guardian *ad litem* to sue for the recovery of them in a proper case. (*Thomas* v. *Bennett*, 56 Barb., 197, and cases cited; 2 Kent Com., 240.) The only question heretofore has been, whether the general guardian could maintain an action to recover debts due the infant; and although that question has been set at rest, the converse one respecting the right of the infant by a guardian *ad litem* to maintain such an action, has not, to my knowledge,

been authoritatively denied. The infant having a right to sue on the ground of his general property, it must be done by a guardian *ad litem* (Code of Civil Procedure, §§ 468, 469), who may in some cases be appointed on the application of the general or testamentary guardian. Section 476 also recognizes an appointment of the general guardian as guardian *ad litem.* (See also Schoul. Dom. Rel., 592, *et seq.,* and authorities cited.) As the moneys must, when recovered, be paid at once to the general guardian, there is not ordinarily any occasion for such a proceeding. But infants are wards of the court, and the court has power, whenever it deems it necessary, to appoint a guardian to prosecute or defend an action for them. The papers do not show the reasons for the appointment of the guardian *ad litem* in this case. It is not, however, material to inquire what the reasons were, because he is also the general guardian of the infant. The defendant will be as fully protected by a payment, as if the action had been brought by the guardian *ad litem* in his capacity of general guardian.

The allegation of an actual conversion of the moneys renders the averment of a demand superfluous. In other respects the facts stated are sufficient to warrant the order of arrest.

The order appealed from must be reversed, with ten dollars costs and disbursements.

DYKMAN, J., concurred.

Present — BARNARD, P.J., GILBERT and DYKMAN. JJ.

Order vacating order of arrest reversed, with ten dollars costs and disbursements.

Part of order imposing stipulation not to sue for false imprisonment reversed, without costs.